UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIRGINIA GARBER,

                        Plaintiff,

                                          1:10-CV-0845
v.                                       (GTS/DEP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.
_____

APPEARANCES:                         OF COUNSEL:

EMPIRE JUSTICE CENTER         LOUISE MARIE TARANTINO, ESQ.
  Counsel for Plaintiff
119 Washington Avenue, 2nd Floor
Albany, New York 12210

SOC. SEC. ADMIN., OFFICE OF      TRACY UDELL, ESQ.
REG'L GEN. COUNSEL–REGION II   SOMMATTIE RAMRUP, ESQ.
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

Currently before the Court, in this action for supplemental security income benefits filed by Virginia Garber ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g), are the following: (1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 15); (3) the Report-Recommendation of United States Magistrate Judge David E. Peebles, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that this action be dismissed in its entirety

(Dkt. No. 17); and (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 18).  For

the reasons set forth below, Magistrate Judge Peebles' Report-Recommendations is accepted and

adopted in its entirety.

## I.      RELEVANT BACKGROUND

### A.      Procedural History

Because the parties have demonstrated in their briefs an adequate understanding of this

action's procedural history, and neither party has specifically objected to Magistrate Judge

Peebles' accurate recitation of that procedural history, the Court adopts that recitation, in this

Decision and Order, which is intended primarily for the review of the parties.  (*See generally*

Dkt. No. 17, at 10-14 [Report-Rec].)

The Court would add only two points.  First, generally, Plaintiff's underlying application

for disability insurance benefits was based on her having an alleged disability consisting of

systemic lupus erythematosus ("SLE"), fibromaylagia, status post cervical spinal fusion, status

post cardiac stent due to coronary artery disease ("CAD"), fatigue and pain, which began on

January 21, 1992.  Second, generally, in his decision determining that Plaintiff was not disabled

as defined under the Social Security Act, the ALJ found that (1) Plaintiff has in fact engaged in

substantial gainful activity ("SGA") since the date the application for SSI was filed, and (2)

Plaintiff failed to prove her disability pursuant to the remaining four steps of the five-step

protocol for evaluating claims of disability under the Social Security Act.  (*See* Administrative

Transcript ["Admin. Tr."] at 12-24.)

### B.      Magistrate Judge Peebles' Report-Recommendation

On March 2, 2012, Magistrate Judge Peebles issued a Report-Recommendation

recommending that Defendant's decision denying Plaintiff Social Security benefits be affirmed,

and that Plaintiff's Complaint be dismissed.  (Dkt. No. 17, at 42-43.)  Generally, in support of his

recommendation, Magistrate Judge Peebles rendered the following three findings and

conclusions: (1) as an initial matter, the ALJ correctly found that Plaintiff has in fact engaged in

substantial gainful activity since the relevant start date of March 20, 2007, based on her work

experience at Walmart (from March of 2008 to September of 2008), which itself suffices to

support his finding of no disability and terminate Plaintiff's application;[1] (2) in any event, the

ALJ's residual functioning capacity findings (e.g., that Plaintiff is capable of performing a full

range of light work) during the remaining four steps of the five-step disability protocol are

supported by substantial evidence; and (3) moreover, in evaluating Plaintiff's subjective

complaints, the ALJ properly considered the substantial medical evidence, and sufficiently

explained why he found that Plaintiff's testimony was not wholly credible.  (*Id*. at 20-42.)

### C.      Plaintiff's Objections to the Report-Recommendation

On March 16, 2012, Plaintiff filed her Objections to the Report-Recommendation.  (Dtk.

No. 18.)  Generally, in her Objections, Plaintiff asserts the following three arguments: (1)

Magistrate Judge Peebles' conclusion that Plaintiff's work activity from May of 2008 to

September of 2008 precluded her claim for supplemental security income benefits in its entirety

was erroneous, because (a) it was improperly rendered *sua sponte*, no such conclusion having

been rendered by the ALJ (and no such argument having been made by Defendant), and (b) in

any event, any such conclusion would only preclude a claim for the five months in question, and

warrant a reassignment of Plaintiff's onset date so that it coincided with the cessation of her

work activity; (2) Magistrate Judge Peebles also erred in concluding that the ALJ's residual

---

[1]      As Magistrate Judge Peebles correctly noted, the record is equivocal as to when
Plaintiff began working at Walmart.  (*Compare* Admin. Tr. at 33 ["I start[ed] [working at the
Walmart Deli in Cobleskill] in March of 2008 . . . ."] *and* Admin. Tr. at 182 [listing approximate
starting date of employment at Walmart as "3/2008"] *with* Admin. Tr. at 108 [listing date of
hiring by Walmart as "04/19/2008"].)

functioning capacity findings were supported by substantial evidence; and (3) Magistrate Judge

Peebles also erred in concluding that the ALJ's adverse-credibility finding was supported by

substantial evidence.  (*Id*. at 1-16.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of Magistrate Judge Peebles' Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings,  recommendations,

or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R.

72.1(c).[2]  When performing such a *de novo* review, "[t]he judge may . . . receive further

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider

evidentiary material that could have been, but was not, presented to the magistrate judge in the

first instance.[3]

---

[2]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

[3]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In
objecting to a magistrate's report before the district court, a party has no right to present further
testimony when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its
discretion in denying plaintiff's request to present additional testimony where plaintiff "offered
no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.
Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[6]

---

district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4]      *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Judicial Review of Defendant's Decision**

In Parts III.A. and III.B. of his Report-Recommendation, Magistrate Judge Peebles correctly recited the legal standard governing judicial review of Defendant's decision, and the five-step process for evaluating claims of disability under the Social Security Act.  (Dkt. No. 17, at 14-20.)  As a result, those standards are incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

**III.**      **ANALYSIS**

As an initial matter, the Court finds that the second and third arguments asserted in Plaintiff's Objections (i.e., regarding the ALJ's residual functioning capacity findings and adverse-credibility finding) were previously asserted in the brief that she submitted to Magistrate Judge Peebles.  (*Compare* Dkt. No. 11, at 1, 14-25 [Plf.'s Brief] *with* Dkt. No. 18, at 1, 4-16 [Plf.'s Obj.].)  As explained in Part II.A. of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.  Here, after carefully reviewing all of the papers in this action, the Court concludes that those portions of Magistrate Judge Peebles' thorough Report-Recommendation are correct in all respects.  (Dkt. No. 17, at 23-43.)  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id.*)  As a result, the Court accepts and adopts those portions of the Report-Recommendation in their entirety for the reasons stated therein. The Court would add

only that those portions of the Report-Recommendation would survive even a *de novo* review.

Turning to Plaintiff's first argument (i.e., regarding whether Plaintiff's substantial gainful activity precludes her claim for supplemental security income benefits in its entirety), the Court finds that this Objection is sufficiently specific in nature. (Dkt. No. 18, at 1-4.) As a result, the Court reviews this portion of the Report-Recommendation challenged by the argument *de novo*. Again, after carefully reviewing all of the papers in this action, the Court concludes that this portion of Magistrate Judge Peebles' thorough Report-Recommendation is correct in all respects. (Dkt. No. 17, at 20-23.) Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts this portion of the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only three points. First, the Court respectfully disagrees with Plaintiff's assertion that the ALJ never found, as a threshold matter, that Plaintiff was precluded from pursuing her claim for supplemental security income benefits due to her failure to satisfy the first step of the five-step disability protocol. (Dkt. No. 18, at 2, n.1.) The ALJ did render such a finding, conducting an analysis of the remaining four steps only as an alternative ground for denying Plaintiff's claim. (*Compare* Admin. Tr. at 14 [stating that "If the individual engages in SGA, she is not disabled . . ."] *with* Admin. Tr. at 15 [stating that "The claim has engaged in substantial gainful activity since March 20, 2007 . . ."].) Similarly, the Court respectfully disagrees with Plaintiff's assertion that Defendant never sufficiently made this argument in the brief he submitted to Magistrate Judge Peebles. (Dkt. No. 18, at 2, n.1.) Defendant did sufficiently make this argument when he argued as follows:

> [T]he ALJ found at step one of the sequential evaluation that Plaintiff
> had engaged in substantial gainful activity since March 20, 2007 . . . .
> The ALJ, affording Plaintiff an *additional* opportunity to prove her
> disability, then proceeded to step two of the evaluation. . . . [G]iven
> the record of earnings and lack of evidence, the ALJ properly
> characterized Plaintiff's work from May 2008 to September 2008 as
> substantial gainful activity.

(Dkt. No. 15, at 4, 6 [emphasis added].)

Second, the Court respectfully disagrees with Plaintiff's argument that any such finding (i.e., that Plaintiff was able to engage in substantial gainful activity for a five-month period ending in September of 2008) compels (1) a conclusion that Plaintiff is precluded from pursuing a disability claim for only the five months in question, and (2) a reassignment of Plaintiff's onset date so that it coincided with the cessation of her work activity. (Dkt. No. 18, at 2-4.) In making this argument, Plaintiff relies heavily on 20 C.F.R. § 416.330(a), which provides as follows: "If you meet all the requirements for eligibility while your application is in effect, the earliest month for which we can pay you benefits is the month following the month that you first meet all the requirements." Setting aside the lack of an indication in this regulation that the ALJ was compelled to reassign Plaintiff's onset date, the fact remains that the ALJ did not find that Plaintiff first meet all the requirements for eligibility in September of 2008. Rather, the ALJ found (and the Court agrees) that Plaintiff's employment ceased (for a period of three months) in September of 2008 due to a work-related accident and not due to her impairment of systemic lupus erythematosus, which he found to be in remission at the time. (Admin. Tr. at 14-15, 33-34, 574.) The Court notes that, in the underlying proceedings, Plaintiff does not appear to have applied to amend her onset date to September of 2008. (*See generally* Admin. Tr.)

Third, even if Plaintiff is correct with regard to this argument, her Complaint should be, and is, dismissed for the alternative reason that she has failed to prove her disability pursuant to the remaining four steps of the five-step disability protocol.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 29, 2012
　　　　Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

9